THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND J. SIMS, *et al.,* Defendants-Appellants.

(Nos. 53372, 53373 cons.;

First District—September 9, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James Veldman, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

After a trial without a jury, Raymond Sims and William Grenshaw, both seventeen years of age, were found guilty of murder and sentenced to a term of twenty to thirty years in the penitentiary. They request a reduction in their sentences.

In the late afternoon of January 4, 1968, Sims, Grenshaw and two sixteen-year-old friends met in a restaurant on Roosevelt Road, Chicago. While there, Sims said he needed some money and felt like snatching a purse. When they left the restaurant Sims again said that he needed money and asked the others if they wanted to help. Grenshaw agreed; the younger boys did not.

As they sauntered along the street, Mrs. Laura Giles, a seventy-two-year-old woman who was returning home from work, got off a Roosevelt Road bus and walked passed them. As she turned into her home, Sims ran up to her on one side and Grenshaw on the other and they tried to seize her purse. She resisted and Sims stabbed her in the back with a knife. Sims and Grenshaw ran away. Mrs. Giles entered her home and her son called an ambulance, but she died on the way to the hospital.

The defendants point to their youth, their lack of criminal record and their home environment in requesting a reduction of the punishment set by the trial court.

In *People v. Valentine* (1965), 60 Ill.App.2d 339, 208 N.E.2d 595, this court, in reviewing a sentence of life imprisonment imposed on a seventeen-year-old who was convicted of rape, said: "We believe that the power to reduce sentences should be used with caution and that a sentence imposed by the trial judge, who sees the defendant and is in a far better position to appraise him and to evaluate the likelihood of his rehabilitation than a reviewing court, should not be reduced unless there are substantial reasons for doing so."

The defendants murdered a defenseless woman. The crime was senseless and wanton. The sentences of twenty to thirty years were within the scope of the punishment fixed by statute (Ill. Rev. Stat., 1967, ch. 38, par. 9—1 (b)) and were not incommensurate with the enormity of the offense.

The judgment is affirmed.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.